UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS SERRANO, | 1:11-cv-00778-MJS (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF ILLINOIS |
| v. | |
| J. SUGRUE, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 13, 2011, Petitioner, who is currently incarcerated at the Pekin Federal Correctional Institution, filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of California. However, Pekin Federal Correctional Institution is located in Tazewell County, Illinois, and within the jurisdiction of the United States District Court for the Central District of Illinois.

A challenge to the execution of a federal sentence is properly brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). And it is preferably brought in the district of confinement. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (noting that even if district court has personal

1

jurisdiction over custodian, preferred forum is district where petitioner is confined); see also Rumsfeld v. Padilla, 542 U.S. 426, 159 L. Ed. 2d 513, 124 S. Ct. 2711, 2722 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). In the interests of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a).

The Petitioner in the instant case is not incarcerated at a facility within this Court's jurisdiction. Accordingly, in the interests of justice, the Court HEREBY ORDERS the instant action be transferred to the United States District Court for the Central District of Illinois.

IT IS SO ORDERED.

Dated: May 26, 2011         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE